UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ALEJANDRO J. PESTANA
and other similarly situated individuals,

    Plaintiff(s),

v.

PORTO ALEGRE BRAZILIAN
GRILL & BAR, CORP.,
and JANOUSKY A. TORRES,
individually,

    Defendants,

_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff, ALEJANDRO J. PESTANA, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants PORTO ALEGRE BRAZILIAN GRILL & BAR, CORP., and JANOUSKY A. TORRES, individually and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States.  This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff ALEJANDRO J. PESTANA is a resident of Miami-Dade County, Plaintiff is a covered employee for purposes of the Act.

3. Defendant PORTO ALEGRE BRAZILIAN GRILL & BAR, CORP. (hereinafter PORTO ALEGRE BRAZILIAN GRILL, or Defendant) is a Florida corporation, having a place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto, Defendant was engaged in interstate commerce.

4. The individual Defendant JANOUSKY A. TORRES was and is now, the owner/partner/and manager of Defendant Corporation PORTO ALEGRE BRAZILIAN GRILL. This individual Defendant is the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the action raised in this complaint took place in Miami/Dade County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff ALEJANDRO J. PESTANA to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLSA or the "ACT").

7. Corporate Defendant PORTO ALEGRE BRAZILIAN GRILL is a Brazilian restaurant and bar located at 1148 SW 27th Avenue, Miami, Florida 33135.

8. Defendants PORTO ALEGRE BRAZILIAN GRILL and JANOUSKY A. TORRES, employed Plaintiff ALEJANDRO J. PESTANA as a non-exempted full-time restaurant employee approximately from June 01, 2021, to March 03, 2022, or 39 weeks.

9. During the relevant employment period, Plaintiff had duties as a cook and server (Brazilian rodizio style).

10. Plaintiff had an irregular schedule, but he always worked five days per week, usually from 11:00 AM to 11:00 PM (12 hours daily), or 60 hours weekly. Plaintiff did not take bonafide lunchtime.

11. Plaintiff worked under the supervision of owner and manager JANOUSKY A. TORRES.

12. During the relevant time of employment, Plaintiff was paid a daily rate of $120.00 daily or $600.00 weekly. Plaintiff was paid the same amount regardless of the number of hours worked in a week. Plaintiff also received about $200.00 daily in tips

13. Plaintiff worked consistently more than 40 hours weekly. However, Defendants did not pay Plaintiff overtime hours, as required by law.

14. Plaintiff did not clock in and out, but Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals. Defendants were in complete control of Plaintiff's schedule and activities, and they knew about the number of hours worked by Plaintiff and other similarly situated individuals.

15. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

16. Plaintiff was paid with checks without paystubs providing the number of days and hours worked, wage rate paid, employee taxes withheld, etc. that did not show the number of hours worked.

17. Plaintiff worked until March 03, 2022. Plaintiff was never paid for his last 3 weeks of employment.

18. Plaintiff ALEJANDRO J. PESTANA seeks to recover from Defendants half-time overtime wages for every hour in excess of 40 that he worked in a week and any other relief as allowable by law. Plaintiff is also claiming the payment of 3 weeks of work, plus the payment of $3,000.00 corresponding to tips of 3 weeks.

19. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS**

20. Plaintiff ALEJANDRO J. PESTANA re-adopts every factual allegation stated in paragraphs 1-19 above as if set out in full herein.

21. This cause of action is brought by Plaintiff ALEJANDRO J. PESTANA as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after June 2021, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

22. Defendant PORTO ALEGRE BRAZILIAN GRILL was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a Brazilian restaurant/bar and is engaged in interstate commerce. Defendant uses the instrumentalities of interstate commerce. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

23. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities were regularly engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

24. Defendants PORTO ALEGRE BRAZILIAN GRILL and JANOUSKY A. TORRES, employed Plaintiff ALEJANDRO J. PESTANA as a non-exempted full-time restaurant employee approximately from June 01, 2021, to March 03, 2022, or 39 weeks.

25. During the relevant employment period, Plaintiff had duties as a cook and server (Brazilian rodizio style).

26. Plaintiff had an irregular schedule, but he always worked five days per week a total of 60 hours weekly. Plaintiff did not take bonafide lunchtime.

27. During the relevant time of employment, Plaintiff was paid a daily rate of $120.00 daily or $600.00 weekly. Plaintiff was paid the same amount regardless of the number of hours worked in a week. Plaintiff also received about $200.00 daily in tips

28. Plaintiff worked consistently more than 40 hours weekly. However, Defendant did not pay Plaintiff overtime hours, as required by law.

29. Plaintiff did not clock in and out, but Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals. Plaintiff worked under the supervision of owner and manager JANOUSKY A. TORRES. Defendants were in complete control of Plaintiff's schedule and activities, and they knew about the number of hours worked by Plaintiff and other similarly situated individuals.

30. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

31. Plaintiff was paid with checks without paystubs providing the number of days and hours worked, wage rate paid, employee taxes withheld, etc. that did not show the number of hours worked.

32. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain time accurate records of hours worked by Plaintiff and other employees. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

33. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

34. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

    * Please note that this amount is based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

    Three Thousand Nine Hundred Dollars and 00/100 ($3,900.00)

    b. <u>Calculation of such wages</u>:

    Total time of employment: 39 weeks
    Relevant weeks of employment: 39 weeks
    Total hours worked:  60 hours weekly
    Total overtime hours: 20
    Paid: $120.00 daily x 5 days=$600.00: 60 hours worked=$10.00 an hour
    Regular rate: $10.00 x 1.5=$15.00 O/T rate-$10.00 rate paid=$5.00 half-time
    Half-time: $5.00 an hour

    Half-time $5.00 x 20 O/T hours=$100.00 weekly x 39 weeks=$3,900.00

    <u>Nature of wages (e.g., overtime or straight time)</u>:

    This amount represents unpaid half-time overtime wages.

35. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1). In that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

36. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

37. At the times mentioned, individual Defendant JANOUSKY A. TORRES were the owners/directors/managers of PORTO ALEGRE BRAZILIAN GRILL. Defendant JANOUSKY A. TORRES was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in the interests of PORTO ALEGRE BRAZILIAN GRILL in relation to its employees, including Plaintiff and others similarly situated. Defendant JANOUSKY A. TORRES had absolute financial and operational control of the Corporation, determining terms and working conditions of Plaintiff and other similarly situated employees, and she is jointly and severally liable for Plaintiff's damages.

38. Defendants PORTO ALEGRE BRAZILIAN GRILL and JANOUSKY A. TORRES willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

39. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ALEJANDRO J. PESTANA and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff ALEJANDRO J. PESTANA and other similarly situated individuals and against the Defendants PORTO ALEGRE BRAZILIAN GRILL and JANOUSKY A. TORRES based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff ALEJANDRO J. PESTANA actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff ALEJANDRO J. PESTANA demands a trial by jury of all issues triable as of right by jury.

## COUNT II:
## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

40. Plaintiff ALEJANDRO J. PESTANA re-adopts every factual allegation as stated in paragraphs 1-19 of this Complaint as if set out in full herein.

41. This action is brought by Plaintiff ALEJANDRO J. PESTANA and those similarly situated to recover from the Employer PORTO ALEGRE BRAZILIAN GRILL unpaid minimum

wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

42. Defendant PORTO ALEGRE BRAZILIAN GRILL was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a Brazilian restaurant/bar and is engaged in interstate commerce. Defendant uses the instrumentalities of interstate commerce. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

43. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities were regularly engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

44. U.S.C. §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

45. Defendants PORTO ALEGRE BRAZILIAN GRILL and JANOUSKY A. TORRES, employed Plaintiff ALEJANDRO J. PESTANA as a non-exempted full-time restaurant employee approximately from June 01, 2021, to March 03, 2022, or 39 weeks.

46. During the relevant employment period, Plaintiff had duties as a cook and server (Brazilian rodizio style).

47. Plaintiff had an irregular schedule, but he always worked five days per week a total of 60 hours weekly. Plaintiff did not take bonafide lunchtime.

48. During the relevant time of employment, Plaintiff was paid a daily rate of $120.00 daily or $600.00 weekly. Plaintiff was paid the same amount regardless of the number of hours worked in a week. Plaintiff also received about $200.00 daily in tips

49. Plaintiff did not clock in and out, but Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals. Plaintiff worked under the supervision of owner and manager JANOUSKY A. TORRES. Defendants were in complete control of Plaintiff's schedule and activities, and they knew about the number of hours worked by Plaintiff and other similarly situated individuals.

50. On or about March 03, 2021, Plaintiff stopped working for Defendants, at that time Plaintiff was owed 3 weeks of work which were not paid to him.

51. There is a substantial number of hours that were not paid to Plaintiff at any rate, not even the minimum wage rate.

52. Plaintiff did not clock in and out. However, Defendants were able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

53. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act.

54. Plaintiff was paid with checks without paystubs providing the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

55. The records, if any, concerning the number of hours worked by Plaintiff ALEJANDRO J. PESTANA and all other similarly situated employees, and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

56. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

57. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of the unpaid minimum wage is as follows:

\* Plaintiff's wage rate is $10.00 an hour. Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a. <u>Total amount of alleged unpaid wages</u>:

    Three Hundred Forty-Six Dollars and 00/100 ($346.00)

    b. <u>Calculation of such wages</u>:

    Total weeks of employment: 39 weeks
    Total relevant weeks of employment: 3 week
    Total hours worked: 60 regular hours
    Total number of regular unpaid hours: 40 hours
    Paid: $600.00 weekly: 60 hours= $10.00 an hour
    Regular rate: $10.00 an hour
    Fl. Minimum wages 2022: $10.00 an hour

    Min. wage $10.00 x 40 hours=$400.00 weekly x 3 weeks=$1,200.00

    c. <u>Nature of wages</u>:

    This amount represents unpaid minimum wages at the Florida minimum wage rate.

58. Defendants PORTO ALEGRE BRAZILIAN GRILL and JANOUSKY A. TORRES willfully and intentionally refused to pay Plaintiff minimum wages as required by the United States law and remain because of Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

59. Defendants PORTO ALEGRE BRAZILIAN GRILL and JANOUSKY A. TORRES knew and showed a reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages as set forth above. Plaintiff is entitled to recover double damages.

60. At times mentioned, individual Defendant JANOUSKY A. TORRES was the owner/partner/manager of PORTO ALEGRE BRAZILIAN GRILL. Defendant JANOUSKY A. TORRES was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of PORTO ALEGRE

BRAZILIAN GRILL concerning its employees, including Plaintiff and others similarly situated. Defendant JANOUSKY A. TORRES had absolute financial and operational control of PORTO ALEGRE BRAZILIAN GRILL, determining terms and working conditions of Plaintiff and other similarly situated employees, and she is jointly and severally liable for Plaintiff's damages.

61. Defendants PORTO ALEGRE BRAZILIAN GRILL and JANOUSKY A. TORRES willfully and intentionally refused to pay Plaintiff minimum wages as required by the United States law and remain because of Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff ALEJANDRO J. PESTANA and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff ALEJANDRO J. PESTANA and against the Defendants PORTO ALEGRE BRAZILIAN GRILL, and JANOUSKY A. TORRES based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or

available pursuant to Federal Law.

Dated:  July 31, 2022

                                                          Respectfully submitted

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*