UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:22-22405-CIV-MARTINEZ/SANCHEZ

ALEJANDRO J. PESTANA
and other similarly situated individuals,

    Plaintiff(s),

v.

PORTO ALEGRE BRAZILIAN GRILL & BAR,
CORP., and JANOUSKY A. TORRES,
individually,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S AMENDED
MOTION FOR DEFAULT JUDGMENT AGAINST ALL DEFENDANTS**

This matter is before the Court on the Plaintiff's second Amended Motion for Default Judgment Against All Defendants ("Amended Motion"), ECF No. 18. The Honorable Jose E. Martinez, United States District Judge, referred Plaintiff's Amended Motion to the undersigned. ECF No. 20. The Defendants did not file a response to the Plaintiff's complaint or the Plaintiff's Amended Motion (or to the Plaintiff's two prior motions for default judgment), and the deadlines to do so have long passed. After careful consideration of the Plaintiff's filings, the relevant authority, and for the reasons discussed below, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Amended Motion for Default Judgment Against All Defendants, ECF No. 18, be **GRANTED**.

**I.  BACKGROUND**

The Plaintiff's complaint alleges violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq. See* ECF No. 1. More specifically, the Plaintiff alleges that from June 1, 2021, through March 3, 2022, Defendants failed to properly pay the Plaintiff for overtime hours

(Count I) and also failed to pay the Plaintiff the minimum wages he is owed for the final three weeks of his work (Count II). *Id.* The Plaintiff now moves for default final judgment against the Defendants, and he seeks damages in the following amounts: $3,900 in unpaid overtime, $1,200 in unpaid minimum wages, and $5,100 in statutory liquidated damages, as well as $6,120 for his attorney's fees and $587 in costs. ECF No. 18.[1]

The Clerk of Court entered default against the Defendants on December 22, 2022, ECF No. 11, and the Plaintiff filed an initial motion seeking default final judgment against the Defendants, ECF No. 12. However, the Plaintiff's initial motion was denied by the Court without prejudice because "it contained inconsistent and inaccurate information regarding the amount of damages sought." ECF No. 14. The Plaintiff then filed an amended motion, ECF No. 15, which was again denied because it also "contain[ed] incorrect and inconsistent information regarding damages." ECF No. 17. The Plaintiff's second Amended Motion, ECF No. 18, is now before the Court. ECF No. 18.

## II. LEGAL STANDARD

"When a defendant has failed to plead or defend, a district court may enter judgment by default." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015) (citing Fed. R. Civ. P. 55(b)(2)). A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009); *see also Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015) ("When a defendant defaults, he 'admits the plaintiff's well-pleaded allegations of

---

[1] The Plaintiff's Complaint also sought to recover $3,000 in unpaid tips for the three weeks for which the Plaintiff was allegedly not paid. ECF No. 1 at ¶ 18. However, the Plaintiff's Amended Motion does not seek damages for unpaid tips and does not provide any information or evidence to substantiate a claim for $3,000 in unpaid tips. *See* ECF No. 18. Accordingly, the Plaintiff's claim for unpaid tips is deemed abandoned. *See, e.g.*, *Gandol v. Constr. Servicing Ctr., Inc.*, No. 23-24924-CIV, 2024 WL 1420902, at *2 (S.D. Fla. Feb. 23, 2024).

fact.'") (quoting *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1106 (11th Cir. 2015)). Following the entry of default judgment, damages may be awarded "without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation," so long as all essential evidence is a matter of record. *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543-44 (11th Cir. 1985); *see also, e.g.*, *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005); *Jenkins v. Clerk of Court*, 150 F. App'x 988, 989 (11th Cir. 2005) ("A default judgment may only be entered without a hearing if the amount claimed is a liquidated sum or one capable of mathematical calculation."); *Tropical Paradise Resorts, LLC v. JBSHBM, LLC*, 343 F.R.D. 443, 448 (S.D. Fla. 2023) ("[W]here all the essential evidence to determine damages is on the paper record, an evidentiary hearing on damages is not required.").

### III.   ANALYSIS

#### A. FLSA Overtime Claim (Count I)

The first issue is whether the Plaintiff is entitled to final default judgment on his overtime wage claim. The FLSA requires that employers pay their employees at least one and a half times the "regular rate" for any work in excess of 40 hours per week. *See* 29 U.S.C. § 207(a)(1) (prohibiting a "workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed"). When a covered employee is not paid the overtime wage, the FLSA provides a private cause of action against the employer for unpaid wages. *See* 29 U.S.C. § 216(b); *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011).

"To state a claim for failure to pay overtime compensation under the FLSA, an employee must show: (1) an employment relationship; (2) that the employee is subject to individual or enterprise coverage; and (3) that the employee worked over forty hours per week but was not paid

overtime wages." *Gomez v. Kern*, 2012 WL 1069186, at *1 (S.D. Fla. Mar. 29, 2012) (citing *Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 841 F. Supp. 2d 1274 (S.D. Fla. 2012); *Josendis*, 662 F.3d at 1315). "Alleging enterprise liability is not onerous; rather, it requires that a plaintiff identify his work and 'provide only straightforward allegations connecting that work to interstate commerce,' as well as at least 'bare bones' allegations that gross sales exceed $500,000." *Brown v. Everest Moving & Storage, Inc.*, 2013 WL 12126001, at *2 (S.D. Fla. Aug. 20, 2013) (quoting *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 2012 WL 2428536, at *4 (S.D. Fla. June 27, 2012)).

Here, in both the complaint and the affidavit attached to the Plaintiff's Amended Motion, the Plaintiff has alleged that (1) he was employed by the Defendants between June 1, 2021, and March 3, 2022, *see* ECF No. 1 at ¶¶ 8, 17, 24; ECF No. 18-1 at ¶ 5; (2) the Defendant was a restaurant engaged in interstate commerce by accepting and soliciting funds from non-Florida sources and authorizing credit card transactions, and the Plaintiff and the Defendants' other employees were engaged in interstate commerce by regularly handling and working on goods and materials that were moved across state lines, *see* ECF No. 1 at ¶¶ 22, 23; ECF No. 18-1 at ¶ 8; and (3) the Plaintiff worked 20 hours of overtime each week but Defendants failed to pay the Plaintiff his earned overtime wages, *see* ECF No. 1 at ¶¶ 10, 13, 35, 38; ECF No. 18-1 at ¶ 15.

On the question of FLSA coverage, the Plaintiff has sufficiently alleged that the Defendants were an enterprise engaged in commerce within the meaning of the FLSA because they "had more than two employees recurrently engaged in commerce or in the production of goods for commerce" and because the Defendants' annual gross revenue exceeds the $500,000 threshold needed to be a covered enterprise under the FLSA. *See* ECF No. 1 at ¶ 22. Although Plaintiff's allegations largely track the statutory language, the undersigned finds them to be, although just barely, sufficiently

"factual in nature and [] distinct from the conclusory, formulaic assertions that fail to adequately allege that an enterprise is engaged in interstate commerce." *Rosell v. Area Performance, Inc.*, No. 12-21117-CIV, 2012 WL 12915303, at *3 (S.D. Fla. June 6, 2012); *see also, e.g.*, *Perez v. Paul Newman Dazzling Detailing, Inc.*, No. 6:23-CV-1222-PGB-EJK, 2024 WL 3342215, at *3 (M.D. Fla. June 21, 2024) (concluding that allegations that "Defendant[s] [have] more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State" sufficiently demonstrated enterprise coverage), *report and recommendation adopted*, 2024 WL 3757647 (M.D. Fla. July 10, 2024).

The Plaintiff's allegations, which are deemed admitted, are sufficient to establish coverage under the FLSA and state a claim for unpaid overtime wages. *Eagle Hosp. Physicians, LLC*, 561 F.3d at 1307 (a "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact"); *see also Gaviria v. Maldonado Bros.*, No. 13-60321-CIV, 2013 WL 3336653, at *3 (S.D. Fla. July 2, 2013) ("[I]t is the defendants, not the plaintiffs, who generally enjoy pre-suit possession of information concerning the annual revenue of the defendants. Because of this informational imbalance, a plaintiff's bare-bones revenue allegations may be 'sufficient' even without the pleading of more detailed factual allegations.") (citations omitted).

Accordingly, the undersigned finds that the Plaintiff has established that he is entitled to default final judgment as to liability on Plaintiff's claim for unpaid overtime wages (Count I).

### B. FLSA Minimum Wage Claim (Count II)

The next issue is whether the Plaintiff is entitled to final default judgment on his minimum wage claim. The FLSA requires employers to pay workers a minimum wage. 29 U.S.C.

§ 206(a)(1). As with a claim for overtime wages, a minimum wage claim requires a plaintiff to establish: (1) that the plaintiff was employed during the time period involved, and (2) that the plaintiff was engaged in commerce or the production of goods for commerce, or was employed by an enterprise engaged in commerce or the production of goods for commerce. *Payne v. Security & Crime Prevention Serv., Inc.*, 2013 WL 5446466, at *2 (S.D. Fla. Sept. 30, 2013); *see also, e.g.*, *Morales v. Storm Roofing & Constr. LLC*, No. 2:23-cv-390-SPC-KCD, 2024 WL 1835955, at *2 (M.D. Fla. Apr. 10, 2024) ("To prevail on both an overtime wage claim and a minimum wage claim, Plaintiff must establish the same initial elements. He must show: 1) the defendants employed him; and (2) he was employed by an enterprise engaged in commerce."). In other words, the Plaintiff must again allege coverage—individual or enterprise—under the FLSA. To establish a minimum wage claim, the Plaintiff must also allege "that the employer failed to pay the minimum wage required by law." *Payne*, 2013 WL 5446466, at *2.

As discussed above, the Plaintiff's allegations concerning his employment and FLSA coverage, allegations which are equivalent for Counts I and II, sufficiently establish coverage under the FLSA because he alleges that he was employed by Defendants during the time period relevant to his claim, *see* ECF No. 1 at ¶¶ 8, 17, 45, 50, and that the Defendants were an enterprise engaged in interstate commerce, *see* ECF No. 1 at ¶¶ 42-43; ECF No. 18-1 at ¶¶ 5, 8, 15. The Plaintiff also meets the third element because he alleged that he did not receive payment for the last three weeks of his employment with Defendants. ECF No. 1 at ¶¶ 17, 50-51, 53, 58. Because the Plaintiff has met all three elements of an FLSA minimum wage claim, the undersigned finds that the Plaintiff is entitled to default final judgment as to liability on Plaintiff's claim for unpaid minimum wages (Count II).

**C. Damages**

The Court must next determine the appropriate amount of damages for each of the Plaintiff's FLSA claims.

*1. Overtime Damages*

As stated above, a plaintiff is entitled to be compensated for one and one-half times the regular rate for all hours worked in excess of forty hours per work week. *See* 29 U.S.C. § 207(a)(1). The Plaintiff has alleged that he consistently worked 20 hours of overtime each week over the course of his 39-week employment but was not paid for those hours at the required overtime rate. *E.g.*, ECF No. 1 at ¶¶ 10, 13, 24, 26, 28; *see also id.* at ¶ 34. Defendants have not answered the complaint or otherwise contested those allegations. In his affidavit, moreover, the Plaintiff again states that, during the 39 weeks that he worked for Defendants, he worked 20 hours per week in excess of a 40-hour work week but was paid only at his regular rate and not for overtime wages. *See* ECF No. 18-1 at ¶¶ 11-12, 15. Under these circumstances, the Plaintiff's "affidavit is sufficient evidence to show the amount and extent of the work [he] performed." *Gomes v. Nationwide Janitorial & Flooring Servs. Inc.*, 2007 WL 737584, at *2 (M.D. Fla. Mar. 7, 2007); *see also, e.g.*, *De Renzis v. Bos. Mkt. Corp.*, No. 23-24649-CIV-ALTONAGA/Reid, 2024 WL 3488307, at *2 (S.D. Fla. Mar. 25, 2024) ("In the context of an FLSA default judgment, affidavits may be the only means of establishing a plaintiff's damages when a defendant employer has not come forward with time records of its own."); *Schmitt v. Courtesy Prof'l Sec., Inc.*, 618CV493ORL37TBS, 2018 WL 5268755, at *2 n.2 (M.D. Fla. Aug. 22, 2018) ("Plaintiff['s] use of estimates to arrive at his damage calculation is acceptable in the FLSA context where the employer does not maintain or produce accurate time records . . . ."), *report and recommendation adopted*, 2018 WL 5263458 (M.D. Fla. Oct. 23, 2018).

Here, the Plaintiff has established that he was paid at a regular rate of $10.00 per hour, *see, e.g.*, ECF No. 1 at ¶¶ 10, 12, 26-27, 34(b); ECF No. 18-1 at ¶¶ 10-11, 15(b), so the unpaid overtime component of his wages equates to $5.00 for each overtime hour. Because he worked 20 hours of overtime each week, that amounts to $100.00 per week ($5.00 per hour x 20 hours per week) for each of the 39 weeks that the Plaintiff was employed by the Defendants. Plaintiff is accordingly owed $3,900 ($100.00 per week x 39 weeks) for uncompensated overtime.

2. *Minimum Wage Damages*

Under the FLSA, employees are entitled to be paid an hourly minimum wage. The federal minimum wage is $7.25. 29 U.S.C. 206(a)(1)(C). The Plaintiff is therefore entitled under this statute to be paid $7.25 per hour for up to 40 hours of work in a week. *Id.* Here, the Plaintiff has established that he was not paid any wages for the final three weeks of his employment, during which he worked more than 40 hours weekly. *See* ECF No. 18-1 at ¶¶ 16-17. He seeks minimum wages for three 40-hour weeks of work. Accordingly, the Plaintiff is entitled to $870.00 (3 weeks x 40 hours per week x $7.25 per hour) in unpaid minimum wages.[2]

---

[2] Although the Plaintiff seeks minimum wages at the rate of $10.00 per hour based on the 2022 Florida minimum hourly wage, *see* ECF No. 1 at ¶ 57(b); ECF No. 18-1 at ¶ 17, the Plaintiff "has failed to take into account that, under the FLSA, he is only entitled to the federal minimum hourly wage." *Bowers v. Trading Card World LLC*, 22-22897-CIV, 2023 WL 5154316 (S.D. Fla. July 26, 2023), *report and recommendation adopted*, 2023 WL 5139371 (S.D. Fla. Aug. 10, 2023); *see also, e.g.*, *Pioch v. IBEX Eng'g Servs.*, 825 F.3d 1264, 1269 n.3 (11th Cir. 2016) ("[The Plaintiff] does not explain why, if he is seeking minimum wage recovery under the FLSA, he is entitled to recover his hourly rate, which far exceeds the minimum wage."); *Moser v. Action Towing Inc. of Tampa*, Case No. 8:16-cv-420-T-35JSS, 2017 WL 10276702, at *3 (M.D. Fla. Feb. 6, 2017) ("Although states are entitled to set a minimum wage rate that is higher than the federal minimum wage rate, the FLSA contains no provision requiring the payment of the higher state minimum wage," and, thus, a plaintiff "is only entitled to recover the lower minimum wage rate mandated under the FLSA."). As such, the Plaintiff's damages are limited to the minimum wage rate available under the FLSA.

*3. Liquidated Damages*

Under the FLSA, if a Plaintiff is entitled to unpaid minimum or overtime wages, he is entitled to "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Accordingly, the Defendant is liable to the Plaintiff for liquidated damages in the total amount of unpaid overtime and minimum wages owed to him, that is, $4,770.00 ($3,900.00 + $870.00).

**D. Attorneys' Fees and Costs**

The Plaintiff also seeks attorneys' fees in the amount of $6,120.00, for 15.3 hours of work at a rate of $400 per hour, and $587.00 in costs. ECF No. 18 at 6. When the Court denied the Plaintiff's initial motion for default judgment, it noted that Plaintiff's counsel stated that he expended 17.5 hours on this action, "which appear[ed] excessive" for "a straightforward FLSA case that was quickly resolved via default with very little record activity." ECF No. 14. The Court cautioned the Plaintiff's counsel about including "administrative or otherwise non-compensable tasks." *Id.* In this context, the undersigned reviews Plaintiff's counsel's renewed submissions.

"It is well established that a prevailing FLSA plaintiff is entitled to recover attorneys' fees and costs, based upon the plain language of the FLSA, which provides that '[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.'" *Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1306 (S.D. Fla. 2009) (quoting 29 U.S.C. § 216(b)). To determine whether requested attorneys' fees have been reasonably calculated, courts in this Circuit apply the lodestar method, which requires that a reasonable hourly rate be multiplied by the reasonable number of hours expended. *See Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997); *Walker v. Iron Sushi LLC*, 752 F. App'x 910, 913 (11th Cir. 2018). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of*

9

*Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Regarding the reasonableness of hourly rates, the Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303. Reasonable hours, in turn, are "billable hours—that is, work that would be paid for by a reasonable client of means seriously intent on vindicating the rights in issue." *Perkins v. Mobile Hous. Bd.*, 847 F.2d 735, 738 (11th Cir. 1988) (citing *Norman*, 836 F.2d at 1301). In the Eleventh Circuit, "the measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." *Norman*, 836 F.2d at 1306.

Here, the Plaintiff asserts that his counsel expended 15.3 hours working on this case, and he has provided a breakdown of the time that his attorney, Zandro E. Palma, spent on each specific activity. ECF No. 18 at 6; ECF No. 18-2 (Declaration of Attorney Palma). Given the nature of this case, the issues that were raised, and the work that was required to seek and obtain a default judgment in this case, the undersigned finds that 15.3 hours was a reasonable number of hours to expend litigating this case. Notably, the Plaintiff seeks 2.2 hours fewer in fees for his counsel than in his initial motion for default judgment and appears to have removed certain "administrative or otherwise non-compensable tasks" from his billing records. *Compare* ECF No. 12-2 *with* ECF No. 18-2.[3]

---

[3] The undersigned notes that the Plaintiff's itemization of attorney time still includes a number of entries with references to administrative or clerical non-compensable tasks of uploading and efiling, but given that those time entries appear to primarily address substantive work and the uploading and efiling components appear to be negligible parts of a catch-all description of the work expended, *see* ECF No. 18-2 at 6-7, the undersigned finds that the time billed for those entries is reasonably compensable. In the future, however, counsel would do well to exclude even *de minimis* clerical time devoted to uploading or efiling.

10

Plaintiff's counsel's hours were billed at the rate of $400 per hour, which attorney Palma has explained has been his hourly rate for several years. ECF No. 18-2. As further support for the Plaintiff's requested fees, attorney Palma's declaration describes the work that he performed and his experience in the area of employment law. *Id.* Under these circumstances and given attorney Palma's experience, the undersigned finds that the requested $400 rate is a reasonable hourly rate for the work that was performed. *See Norman*, 836 F.2d at 1299; *see also, e.g.*, *Valley v. Ocean Sky Limo*, 82 F. Supp. 3d 1321, 1328-29 (S.D. Fla. 2015) (ruling that attorney's rate of $400/hour was reasonable in FLSA case). The resulting lodestar amount for attorney's fees is thus $6,120 (15.3 hours x $400/hour).

As a result, the undersigned finds that the Plaintiff is entitled to an award of attorneys' fees of $6,120 and costs in the requested amount of $587.[4]

### IV.    CONCLUSION

Based on the foregoing considerations, the undersigned **RESPECTFULLY RECOMMENDS** that the Plaintiff's Amended Motion for Default Judgment Against All Defendants, ECF No. 18, be **GRANTED**; that judgment be entered in favor of the Plaintiff and against Defendants Porto Alegre Brazilian Grill & Bar, Corp. and Janousky A. Torres; and that the Plaintiff be awarded **$9,540.00** in damages and liquidated damages under the FLSA against the Defendants, jointly and severally, and **$6,120.00** in attorneys' fees and **$587.00** in costs against Defendants, jointly and severally.

Pursuant to Local Magistrate Rule 4(b), the Court finds good cause to EXPEDITE the period to serve and file written objections to this Report and Recommendation. Accordingly,

---

[4] The Plaintiff seeks costs totaling $587.00 for the filing fee in this case ($402.00), the expense of serving two defendants (2 x $80.00), and copying costs ($25.00). *See* ECF No. 18-2 at 7. Such costs are taxable under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920. Accordingly, the Plaintiff is entitled to recovery of those costs.

within three (3) days from the date of this Report and Recommendation, that is, **by September 26, 2024**, the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Jose E. Martinez, United States District Judge. Failing to file timely objections will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

       **RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 23rd day of September 2024.

                                                EDUARDO I. SANCHEZ
                                                UNITED STATES MAGISTRATE JUDGE

cc:    Hon. Jose E. Martinez
        Counsel of Record